KRUEGER-IHLE ELECTRIC COMPANY, A CORPORATION, APPELLANT, v. PETRING MOTOR COMPANY, A CORPORATION, ET AL., APPELLEES.

206 N. W. 2d 564

Filed April 17, 1973.    No. 38735.

Moyer & Moyer, for appellant.

Daniel D. Jewell and Deutsch & Hagen, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

PER CURIAM.

Oral argument on motion of the appellee Petring Motor Company to dismiss the appellant's appeal for failure to timely file briefs as required by rules of this court was heard on March 5, 1973.

The record discloses original brief day was December 14, 1972; the bill of exceptions was filed in the District Court on November 3, 1972; and a supplement thereto was filed on December 27, 1972.

On December 4, 1972, the appellant had filed a motion for a 15-day extension of brief day. This motion was not acted on because on December 14, 1972, it filed an application for a 30-day extension. This was allowed. On January 15, 1973, the appellant moved for a second 30-day extension. This was allowed. February 13, 1973, it moved for a third 30-day extension. On February 14, 1973, the motion to dismiss was filed. The appellant's brief was filed March 1, 1973.

As grounds for the last-requested extension the appellant avers that a portion of the bill of exceptions pertaining to a motion heard by the trial court on August 4, 1972, was omitted therefrom. The praecipe for the bill of exceptions was as follows: "Please include therein a complete bill of exceptions, all evidence offered at the hearing on the motion for summary judgment on June 16, 1972 and on the 23rd day of January, 1970."

The affidavit in support of the motion indicates that the sole omitted portion was an exhibit offered, but not received by the trial court, at a hearing on August 4, 1972. We interpret the praecipe as not including a request for that inclusion. In any event, the omission was known, or could have been known by the exercise of reasonable diligence, before the second extension was requested. It further appears that the brief could have been prepared timely and the bill of exceptions later supplemented. The record does not show that good cause existed for the requested extension.

APPEAL DISMISSED.

BOSLAUGH and MCCOWN, JJ., dissenting.

The appellant's brief has been on file since March 1, 1973. We dissent.

SMITH, J., concurring with majority.

I concur on authority of Asmus v. Nebraska Public Power Dist., 186 Neb. 760, 186 N. W. 2d 480 (1971). In extending the time for preparation of a bill of exceptions, we there said: "In many cases . . . on motion

almost as a matter of course we have been extending due dates for filing of briefs . . . . (E)ffective September 1, 1971, we will strictly enforce our rules relating to such extensions except under unusual circumstances. For example, the press of any other business upon counsel . . . will be no ground for extension."